UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL J. FJERSTAD, | ) |
| | ) CASE NO.   C10-567-RSM-MAT |
| Petitioner, | ) (CR07-277-RSM) |
| | ) |
| v. | ) |
| | ) ORDER DENYING PETITIONER'S |
| UNITED STATES OF AMERICA, | ) MOTIONS FOR APPOINTMENT OF |
| | ) COUNSEL AND TO CONTINUE |
| Respondent. | ) |

Petitioner Michael J. Fjerstad moves for appointment of counsel (Dkt. 53) and for a continuance of this § 2255 action until the Ninth Circuit rules on his attempt to bring an interlocutory appeal and this Court decides his motion for appointment of counsel (Dkt. 52). For the reasons stated below, the Court **DENIES** both motions.

The district court has the discretion to appoint counsel in habeas matters. *See Chaney v. Lewis,* 801 F.2d 1191, 1196 (9th Cir. 1986). The district court must appoint counsel in a § 2255 action when an evidentiary hearing is required pursuant to Rule 8(c) of the Rules Governing § 2255 Cases, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a). The district court also must appoint counsel when the case is so complex that the lack of counsel would result in the denial

ORDER DENYING PETITIONER'S MOTIONS FOR
APPOINTMENT OF COUNSEL AND TO CONTINUE
PAGE -1

of due process.  *See Brown v. United States,* 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States,* 307 F.2d 445, 446–47 (9th Cir. 1962)).  At this juncture, the Court has not determined that an evidentiary hearing is required or that expansion of the record is necessary.  The Court finds that the complexities surrounding Mr. Fjerstad's allegations do not indicate that the lack of counsel would result in the denial of due process.   Because appointment of counsel is not mandatory, the Court considers whether the interests of justice otherwise require the appointment of counsel.  *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)).  This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits.  *See Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).   The Court finds that Mr. Fjerstad has articulated his claims well, the legal issues are not inherently complex, and his likelihood of success on the merits is low.   The Court therefore DENIES plaintiff's motion for appointment of counsel (Dkt. 53) without prejudice to renewal of this motion should the Court's further review of the record indicate that appointment of counsel is either necessary or would serve the interests of justice.

In a previous minute order, the Court informed Mr. Fjerstad that it would not consider any further extensions to the briefing deadlines unless made by separate motion and supported by good cause.  (Dkt. 49.)  Mr. Fjerstad contends that his attempt to appeal an order directly to the Ninth Circuit—after the district court denied issuance of a certificate of appealability to do so (Dkt. 48, at 4)—along with his motion to appoint counsel constitute good cause.   The Court disagrees.  The Court permitted Mr. Fjerstad months of additional time to file an optional responsive brief (Dkts. 35, 46, 49) and therefore exercises its discretion not to delay

consideration of the § 2255 motion any further.   The Court **DENIES** Mr. Fjerstad's motion for a continuance.[1]   (Dkt. 52.)

The Clerk is directed to send a copy of this Order to petitioner and to the Honorable Ricardo S. Martinez.

DATED this 21st day of December, 2010.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

---

[1] Mr. Fjerstad has already missed the December 10, 2010, deadline to file a responsive brief and this matter was ripe for consideration on December 17, 2010.   (Dkt. 49.)   If Mr. Fjerstad wishes to have the Court consider additional briefing, he must attach the proposed brief to a motion for leave to file a responsive brief.   The Court will not delay consideration of this matter while he files such a motion.

ORDER DENYING PETITIONER'S MOTIONS FOR
APPOINTMENT OF COUNSEL AND TO CONTINUE
PAGE -3